HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

EUGENE E. TURNER,

    Plaintiff,

v.

UNITED STATES POSTAL SERVICE and
FEDERAL BUREAU OF
INVESTIGATION,

    Defendants.

Case No. C07-5008RBL

ORDER DENYING MOTION TO
APPOINT COUNSEL AND GRANTING
MOTIONS TO DISMISS

    This matter comes before the court on the Plaintiff's Motion to Appoint Counsel, [Dkt. #11]; defendant FBI's Motion to Dismiss under Fed. R. Civ. P. 12(b)(1) and (6), [Dkt. #17]; and defendant USPS's Motion to Dismiss, [Dkt. #18].

    Plaintiff's far reaching claims relate to his employment with the United States Postal Service in 1992, and his claim that he was wrongly terminated from that position for fighting with a fellow employee. Turner claims the other employee sexually harassed him. Turner also claims that he has been under surveillance since that time, and that he attempted to get the FBI involved in 1995. He claims that the FBI has taken up the surveillance, blocked his access to the courts, and physically intimidated him, even causing a motor vehicle accident in July 2006. Turner claims the FBI is falsely publicizing that he is homosexual and a thief, and preventing contact with his daughter.

    His pro se Complaint seeks an injunction against the FBI, restraining them from these and similar activities, including tracking his car and tapping his phone. He also seeks $750 million for lost wages, mental

ORDER
Page - 1

1  anguish and lost opportunities.

2  Turner's complaint seeks to force the USPS to provide copies of statements taken at the time of his
3  termination, in 1992.

4  Tuner seeks the appointment of counsel, asserting that he has sought 20 lawyers and that the FBI is
5  somehow preventing him from obtaining counsel.

6  Under 28 U.S.C. § 1915(e)(1), the court may request an attorney to represent any person unable to
7  afford counsel.  Under §1915, the court may appoint counsel in exceptional circumstances.  *Franklin v.*
8  *Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984).  To find exceptional circumstances, the court must evaluate
9  the likelihood of success on the merits and the ability of the petitioner to articulate the claims pro se in light
10 of the complexity of the legal issues involved.  *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

11 Mr. Turner has shown no likelihood of success on the merits, and has not alleged facts or claims
12 supporting a finding of exceptional circumstances.  His request for the appointment of counsel [DKt. #11] is
13 therefore DENIED.

14 The FBI seeks dismissal of the tort claims against it for money damages under Fed. R. Civ. P. 12(b)(1)
15 and (6). [Dkt. # 17] It argues, correctly, that Turner has not and cannot allege that he complied with the
16 administrative exhaustion requirements of the Federal Tort Claims Act (FTCA), 28 U.S.C. §2675(a).  It also
17 argues that the FTCA's limited waiver of sovereign immunity does not extend to claims for malicious
18 prosecution, libel, slander, and the like.  *See* 28 U.S.C. §2680(h). It argues therefore that these claims should
19 be dismissed with prejudice.

20 The FBI also cites *Federal Deposit Insurance Corp. v. Meyer* 510 U.S. 471 (1994), for the proposition
21 that Constitutional tort claims directly against an agency of the United States are not cognizable, and seeks
22 dismissal of Turner's claims against it if they are construed to be claims that the agency violated his
23 Constitutional rights.

24 Mr. Turner has not responded to the Motion and it does not appear that any response could overcome
25 the clear and fatal deficiencies in his claim as outlined in the Motion.  The FBI's Motion to Dismiss [Dkt. #
26 17] is therefore GRANTED, and Mr. Turner's tort and/or Constitutional claims for money damages are
27 DISMISSED.  The FBI does not seek dismissal of those claims which seek injunctive relief, and the complaint
28 can be fairly read to include such claims.  Those claims therefore remain.

The Postal Service seeks judgment on the pleadings under Fed. R. Civ. P 12(c), or for summary judgment under Rule 56, based on the apparently undeniable fact that Mr. Turner has previously asserted, and lost, these very same claims. *See Turner v. USPS*, 9 F.3d 978 (9th Cir. 1993). Indeed, it appears that he unsuccessfully sought to assert them again in 1998 (*see* Dkt. #19.2; prior Cause No. 98-5614FDB).

Turner has not responded to this Motion. He cannot alter the fact that his claims against the USPS arising out of his employment and termination have already been conclusively decided against him. Additionally, even if they had not been, they are facially time barred, as the actions occurred in 1992. The USPS's Motion [Dkt. #18] is therefore GRANTED and Mr. Turner's claims against it are DISMISSED WITH PREJUDICE.

DATED this 31 day of May, 2007.

/s/ Ronald B. Leighton
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE