HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

EUGENE E. TURNER, pro se,

    Plaintiff,

v.

UNITED STATES POSTAL SERVICE and FEDERAL BUREAU OF INVESTIGATION,

    Defendants.

Case No. C07-5008RBL

ORDER

THIS MATTER comes on before the above-entitled Court upon Defendant FBI's Motion for Summary Judgment [Dkt. #26]. Having considered the entirety of the records and file herein, the Court hereby rules as follows:

On September 27, 2007 the defendant filed the instant motion. Plaintiff failed to respond. On October 22, 2007 the Court entered an Order to Show Cause [Dkt. #28] directing plaintiff to respond to the motion on or before November 5, 2007, and re-noted the motion for November 9, 2007. The Court explicitly warned plaintiff that his failure to respond to the Order to Show Cause would result in the dismissal of his case. Plaintiff has not responded to this Court's Order to Show Cause nor has he responded to the defendant's motion for summary judgment.[1]

---

[1] Plaintiff also failed to respond in opposition to Defendants USPS and FBI's first motion for summary judgment. (See Order, Dkt. #21).

ORDER
Page - 1

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law. Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable [fact finder] could return a [decision] in its favor." *Triton Energy*, 68 F.3d at 1220.

Plaintiff's far reaching claims relate to his employment with the United States Postal Service in 1992, and his claim that he was wrongly terminated from that position for fighting with a fellow employee. Turner claims the other employee sexually harassed him. Turner also claims that he has been under surveillance since that time, and that he attempted to get the FBI involved in 1995. He claims that the FBI has taken up the surveillance, blocked his access to the courts, and physically intimidated him, even causing a motor vehicle accident in July 2006. Turner claims the FBI is falsely publicizing that he is homosexual and a thief, and preventing contact with his daughter. His pro se complaint seeks an injunction against the FBI, restraining them from these and similar activities, including tracking his car and tapping his phone. His constitutional tort claims against the FBI and his claims against the United States Postal Service were previously dismissed. [Dkt. #21].

Plaintiff has utterly failed to raise a material issue of genuine fact that the FBI was conducting surveillance upon him, blocked his access to the courts, or physically intimidated him. Therefore, Defendant FBI's Motion for Summary Judgment [Dkt. #26] is **GRANTED** and this case is **DISMISSED.**

**IT IS SO ORDERED.**

The Clerk shall send uncertified copies of this order to all counsel of record, and to any party appearing pro se.

Dated this 19th day of November, 2007.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

ORDER
Page - 3